

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| ASHLEY L. LEFT HAND BULL, | CIV 06-3006 |
| | CR 04-30109 |
| Petitioner, | |
| | ORDER AND OPINION ON |
| -vs- | MOTION TO VACATE |
| | |
| UNITED STATES OF AMERICA, | |
| | |
| Respondent. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner pleaded guilty to aggravated sexual abuse of a child and was sentenced to 151 months imprisonment on December 1, 2005. He appealed his conviction and sentence to the United States Court of Appeals for the Eighth Circuit. While his appeal was pending, petitioner filed a motion to vacate, set aside, or correct his sentence in the Western District of Missouri. The matter was transferred to this District. The Eighth Circuit has since summarily dismissed his appeal.

Petitioner contends that (1) his conviction was obtained in violation of his rights under Miranda v. Arizona, (2) that his conviction was obtained by the use of a coerced confession, (3) that his conviction was obtained by the failure of the prosecution to disclose evidence favorable to him, (4) that his plea was invalid and involuntary because he was under the influence of high blood pressure medication or did not otherwise understand the nature of the charges and consequences of his plea, and (5) that he received ineffective assistance of counsel in that his attorney persuaded him to plead guilty. He also raises various frivolous issues regarding the validity of all American laws.

Petitioner waived, as part of his plea, "any right to appeal any and all motions, defenses, probable cause determinations, and objections which he has asserted or could assert to this prosecution, and to the Court's entry of judgment against him and imposition of sentence,

including sentence appeals under 18 U.S.C. § 3742."[1] A promise made in a plea agreement to waive appeal rights is binding upon petitioner and "is enforceable if (1) the appeal sought is within the scope of the waiver, (2) the waiver was knowing and voluntary, and (3) the enforcement of the waiver will not result in a miscarriage of justice." United States v. Andis, 333 F.3d 886, 889-90 (8th Cir. 2003). A review of the record compels the conclusion that petitioner's appeal waiver must be enforced. The waiver language in the plea agreement is clear. Petitioner testified at his change of plea hearing that he fully understood he was waiving very important rights and that he fully understood what he was waiving. He was warned by this Court in no uncertain terms what important rights he was waiving. Accordingly, that waiver may be specifically enforced.

Failure to raise an issue on direct appeal bars petitioner from raising the issue for the first time in a section 2255 habeas corpus proceeding. Reid v. United States, 976 F.2d 446, 447 (8th Cir.1992). The Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). Generally, "§ 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal." United States v. Eagle Thunder, 873 F.Supp. 1362, 1372 (D.S.D. 1994) (adopting the report and recommendation of Mark A. Moreno, U.S. Magistrate Judge). Thus, if a criminal defendant fails to exercise his right to appeal, in this case because he has waived his right to appeal, he has, as a general rule, waived his right to collaterally challenge those issues which could and should have been raised on direct appeal. Petitioner has waived his claims that (1) his conviction was obtained in violation of his rights under Miranda v. Arizona, (2) that his conviction was obtained by the use of a coerced confession, and (3) that his conviction was obtained by the failure of the prosecution to disclose evidence favorable to him.

Plea agreement waivers do " not waive defendant's right to argue . . . that the decision to enter into the plea was not knowing and voluntary because it was the result of ineffective assistance of counsel." DeRoo v. United States, 223 F.3d 919, 924 (8th Cir. 2000).

---

[1] He reserved the right to appeal the reasonableness of the sentence if the Court imposed a sentence above the advisory guideline range. He was sentenced at the top of the range.

2

Petitioner has, in essence, alleged ineffective assistance of counsel in persuading petitioner to enter into the plea agreement. He claims that he was tricked into waiving his rights. He also claims that his plea was involuntary because he was under the influence of high blood pressure medication at the time he entered his guilty plea. He clearly testified under oath to the contrary at his plea hearing.

> "While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir.1985) (citations omitted). Here, as shown in part I, during the plea hearing [petitioner] stated that he was satisfied with his lawyer and that no threats or promises had been made to induce him to plead guilty, and admitted his guilt and volunteered statements that confirmed that admission. [Petitioner] has a heavy burden to overcome those admissions and show that his plea was involuntary. *See Blackledge v. Allison*, 431 U.S. 63, 72-74, 97 S.Ct. 1621, 1628-29, 52 L.Ed.2d 136 (1977); *United States v. Goodman*, 590 F.2d 705, 710 (8th Cir.), cert. denied, 440 U.S. 985, 99 S.Ct. 1801, 60 L.Ed.2d 248 (1979).

Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997).

At the change-of-plea hearing petitioner declared, under oath, that he did understand the proceedings, that he was "fully" satisfied with his lawyer, that no one had said or done anything to compel him to plead guilty, and that he was not under duress. He was specifically asked whether he was on medication and whether that medication had any affect on his ability to understand what was going on at his hearing. "Defendant's later conclusory claim that he did not understand what was going on rings hollow." United States v. Bahena, 223 F.3d 797, 806-07 (8th Cir. 2000) (finding plea to be knowing and voluntary where defendant testified under oath that he understood the proceeding, was satisfied with his attorney, and had committed the crimes charged).

To support a claim of ineffective assistance of counsel in improperly persuading petitioner to plead guilty a two prong test must be met. "To succeed on this claim, [petitioner] must show ineffective assistance--that counsel's representation fell below an objective standard of reasonableness--and prejudice--"a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." Wilcox v.

3

Hopkins, 249 F.3d 720, 722 (8th Cir. 2001) (*quoting* Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). Petitioner "'faces a heavy burden' to establish ineffective assistance of counsel pursuant to section 2255." DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000) (*quoting* United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)).

"When, as here, a defendant pleads guilty on the advice of counsel, he must demonstrate, in order to later claim that his plea was involuntary because of some infirmity in the advice, that the advice was not 'within the range of competence demanded of attorneys in criminal cases.'" Taylor v. Bowersox, 329 F.3d 963, 972 (8th Cir. 2003) (*quoting* McMann v. Richardson, 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)). Petitioner was facing four counts of aggravated sexual abuse of a child, each having a maximum sentence of life imprisonment. The charges involved a victim under the age of two. The negotiated plea agreement reduced the charges from four to one. Petitioner had admitted each of the crimes in his interview with the F.B.I. His sexual abuse of his daughter was ongoing during the time period alleged in the indictment. He pled to a count involving conduct which occurred prior to the adoption of the 2003 Federal Sentencing Guidelines. Counsel successfully argued that the repeat and dangerous offender five level enhancement under Guidelines § 4B1.5 did not apply. In fact, counsel continued to negotiate with the government at the sentencing hearing for an agreement not to press for application of the enhancement. As a result of his plea agreement, petitioner also reduced his advisory sentence range based upon acceptance of responsibility. Petitioner's counsel was an experienced trial attorney. His advice to plead guilty and hard work to reduce the length of the sentence imposed was certainly within the range of competence demanded of attorneys in criminal cases.

"Where a guilty plea is challenged under the second prong of the *Strickland* test the 'defendant must show that . . . he would not have pleaded guilty and would have insisted on going to trial.'" Nguyen v. United States, 114 F.3d 699, 704 (8th Cir. 1997) (*quoting* Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985)). Petitioner now claims that he did not "molest" his daughter. Petitioner "must overcome 'strong presumptions' of counsel's competence and of the voluntariness of his guilty plea[s] based on his representations at the plea hearing." Ramey v. United States, 8 F.3d 1313, 1314 (8th Cir. 1993).

4

Petitioner's representations during the plea hearing "carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" Bramlett v. Lockhart, 876 F.2d 644, 648 (8th Cir. 1989) (citing Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir.1985) (quoting Blackledge v. Allison, 431 U.S. 63, 73, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977))).

Petitioner signed a factual basis statement wherein he admitted the conduct set forth in Count III of the indictment. During the change-of-plea hearing, petitioner twice testified under oath that the factual basis statement was true and correct. In addition, petitioner had admitted his conduct to the F.B.I. prior to the filing of charges against him. Petitioner has not set forth facts showing that he would have gone to trial and denied his conduct. There is no evidence in the record which can overcome the persuasive evidence of voluntariness of petitioner's plea. He has not satisfied the second prong of Strickland.

Petitioner has also not established that he is entitled to relief based upon the fact that he claims to have been on high blood pressure medication. At the change of plea hearing, the Court specifically addressed any medications he was on and he denied that any such medications had any effect on his ability to understand what was going on at his change of plea hearing. I found that he was competent at that time to enter a plea of guilty.

Petitioner did not seek to withdraw his guilty plea at any time before sentencing. It would then have been his obligation to show fair and just grounds for withdrawal. United States v. Gray, 152 F.3d 816, 819 (8th Cir. 1998). Allegations that an attorney misled the defendant into accepting the plea are insufficient to justify the withdrawal of the plea as involuntary. See United States v. Granados, 168 F.3d 343, 345 (8th Cir. 1999) (per curiam) (defendant's reliance on attorney's mistaken impression about length of sentence is insufficient to render plea involuntary as long as court informed defendant of maximum possible sentence).

I have conducted an initial consideration of the motion, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. A motion to vacate under 28 U.S.C. § 2255 is an extraordinary remedy in the nature of habeas corpus. It plainly appears from the face of the motion that the movant is not entitled to the extraordinary relief

5

requested. The motion, files and records of the case conclusively show that petitioner is entitled to no relief. Accordingly,

IT IS ORDERED that petitioner's motion to vacate, set aside, or correct sentence is denied.

Dated this 27th day of April, 2006.

BY THE COURT:

CHARLES B. KORNMANN
U.S. District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY _____
           DEPUTY
(SEAL)

6